IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| MICHAEL S. McCORMACK, | ) | CIVIL NO. 10-00293 SOM/KSC |
|---|---|---|
| Plaintiff, | ) ) ) | ORDER PARTIALLY GRANTING AND PARTIALLY DENYING DEFENDANT CITY AND COUNTY'S MOTION TO DISMISS |
| vs. | ) ) | |
| CITY AND COUNTY OF HONOLULU, ANDY LAZANO, MR. PACHECO, JOHN DOES 1-10, | ) ) ) ) ) | |
| Defendants. | ) ) | |

ORDER PARTIALLY GRANTING AND PARTIALLY
DENYING DEFENDANT CITY AND COUNTY'S MOTION TO DISMISS

I.  INTRODUCTION.

On May 18, 2010, Plaintiff Michael S. McCormack filed this action against the City and County of Honolulu ("City"), Honolulu Police Department Officer Andy Lazano ("Lazano"), and Officer Pacheco ("Pacheco"). The gravamen of this action is that Officers Lazano and Pacheco allegedly used excessive force in falsely arresting McCormack, causing him to suffer a seizure. The Complaint alleges violations of McCormack's constitutional rights pursuant to 42 U.S.C. § 1983 and asserts state law claims. The City moves for dismissal of parts of McCormack's Complaint. The court grants the motion with respect to all of the § 1983 claims except the Fourteenth Amendment claim in Count IV.  The court also grants the motion with respect to the state law claims in Counts VI and VII and denies the motion with respect to the

state law claims in Counts V, VIII, and IX.  The court also grants McCormack leave to amend his Complaint as specifically permitted by this Order.

II.     BACKGROUND FACTS.

According to the Complaint, on May 18, 2008, McCormack boarded a public bus in Kapolei.  See Compl. ¶ 9, ECF No. 1.  McCormack is epileptic; he wears a cast on his lower leg and ankle and uses a cane for support.  See id. ¶ 11.  On the day of the incident, McCormack showed his disability pass to the bus driver and boarded the bus.  See id. ¶ 9.  McCormack alleges that, while sitting inside the bus he noticed a woman outside talking to police officers and gesturing to the bus.  See id. ¶ 10.  The police were allegedly investigating a purse-snatching.  See Def. Mot. Partial Dismissal ¶ 14, ECF No. 11.  While the Complaint is unclear, it appears McCormack is alleging that the woman identified the culprit as wearing a black leather jacket.  See Compl. ¶ 12.  Three police officers, including Lazano and Pacheco, allegedly boarded the bus and approached McCormack.  McCormack says he was one of at least three men on the bus wearing black leather jackets.  See Compl. ¶¶ 4, 12.  Officer Lazano allegedly grabbed McCormack and told him he was under arrest.  See id. ¶ 12.  McCormack alleges that Lazano "yank[ed] Plaintiff out of the seat and twist[ed] him around and put handcuffs on [him]."  See id.  McCormack allegedly suffered a

2

seizure as a result of the officers' physical abuse and threat of arrest. See id. ¶ 13.

McCormack alleges that the police officers who approached him failed to question him first. See id. ¶ 14. They also allegedly failed to inform him what he was suspected of having done and used excessive force against him. See id. McCormack claims that Lazano and Pacheco lacked probable cause to arrest him but used their status as police officers to threaten, assault, and intimidate him. See id. ¶¶ 15, 16. After McCormack went into an epileptic seizure, Lazano and Pacheco allegedly realized that they had falsely accused McCormack and did not arrest him. See id. ¶ 17. McCormack claims that his health was jeopardized by the officers' rough treatment and false accusation of theft. See id.

McCormack's Complaint contains nine causes of actions. The Complaint asserts sometimes confusing claims under 42 U.S.C. § 1983 for multiple constitutional violations: the Fourth Amendment (Count I), the Fourth and Fourteenth Amendments (Count II), the First, Fourth, and Fourteenth Amendments in connection with "negligent abuse of authority" and "failure to supervise" (Count III), and the First, Fourth, and Fourteenth Amendments for deliberate indifference (Count IV). McCormack further asserts state law claims of false arrest (Count V), wanton and reckless conduct (VI), assault and battery (Count VII), and respondeat

superior (Count VIII). McCormack also seeks punitive damages against all Defendants (Count IX). The City moves to dismiss all claims except the claims of false arrest (Count V) and punitive damages (Count IX).

III. LEGAL STANDARD.

On a Rule 12(b)(6) motion to dismiss, all allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party. Marcus v. Holder, 574 F.3d 1182, 1184 (9th Cir. 2009). To survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citing Twombly, 550 U.S. at 554).

Dismissal under Rule 12(b)(6) may be based on either: (1) lack of a cognizable legal theory, or (2) insufficient facts under a cognizable legal theory. Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1988) (citing Robertson v.

4

Dean Witter Reynolds, Inc., 749 F.2d 530, 533-34 (9th Cir. 1984)).

IV.   ANALYSIS.

The City seeks dismissal of Counts I, II, III, IV, VI, VII, and VIII of the Complaint. The court addresses each count in turn.

   A.   Count I (Fourth Amendment under 42 U.S.C. § 1983)

In Count I, McCormack's claim against the City relates to Officer Lazano's alleged malicious threatening, grabbing, and twisting of him without reasonable investigation, in violation of the Fourth Amendment. See Compl. ¶ 19. McCormack seeks to enforce his constitutional rights via 42 U.S.C. § 1983, which provides an avenue for vindicating deprivations of rights "secured by the Constitution or laws of the United States." Cal. Alliance of Child & Family Servs. v. Allenby, 589 F.3d 1017, 1025 n.2 (9th Cir. 2009). Section 1983 provides, in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity . . . .

42 U.S.C. § 1983.

"Section 1983 imposes two essential proof requirements upon a claimant: 1) that a person acting under color of state law committed the conduct at issue, and 2) that the conduct deprived the claimant of some right, privilege or immunity protected by the Constitution or laws of the United States." Long v. Cnty. of L.A., 442 F.3d 1178, 1185 (9th Cir. 2006).

Local governmental bodies such as counties and municipalities are considered "persons" and may be sued under § 1983. Monell v. Dep't of Soc. Servs. of City of New York, 436 U.S. 658, 690 (1978). A municipality, like the City here, is liable only for injuries arising from an official policy or custom. As the Supreme Court stated in Monell, under § 1983 a municipality is not subject to respondeat superior liability absent a municipal policy or custom followed or implemented by its employees. 436 U.S. at 694.

In the Ninth Circuit, "a claim of municipal liability under section 1983 is sufficient to withstand a motion to dismiss even if the claim is based on nothing more than a bare allegation that the individual officers' conduct conformed to official policy, custom, or practice." Whitaker v. Garcetti, 486 F.3d 572, 581 (9th Cir. 2007) (citation and quotation signals omitted).

McCormack fails to plead municipal liability against the City. McCormack does not allege in even bare terms the

6

existence of an official policy or custom in Count I. While McCormack pleads the existence of an "establish[ed] policy custom" in his state law claims of wanton and reckless conduct (Count VI) and assault and battery (Count VII), he fails to allege any policy at all in his § 1983 claims. The court dismisses the claim against the City in Count I on that ground but grants McCormack leave to amend his Complaint to allege a viable claim for municipal liability under § 1983 based on the allegations forming the bases of Count I.

> B. Count II (Fourteenth Amendment Due Process and Equal Protection under 42 U.S.C. § 1983, and Fifth Amendment)

In Count II, McCormack alleges that he was intentionally or recklessly deprived of his "Fourteenth Amendment rights to Due Process and Equal Protection of the Law." Compl. ¶ 22. McCormack premises his claim against the City on Officer Lazano's alleged false imprisonment of him, malicious threats, and assault. Id. ¶ 23.

McCormack's Fourteenth Amendment due process claim runs afoul of the rule enunciated in Graham v. Connor, 490 U.S. 386 (1989). In Graham, the Supreme Court held that "all claims that law enforcement officers have used excessive force-deadly or not-in the course of an arrest, investigatory stop, or other 'seizure' of a free citizen should be analyzed under the Fourth Amendment and its 'reasonableness' standard, rather than under a

7

'substantive due process' approach." Id. at 395 (emphasis in original). The Supreme Court reasoned, "Because the Fourth Amendment provides an explicit textual source of constitutional protection against this sort of physically intrusive governmental conduct, that Amendment, not the more generalized notion of 'substantive due process,' must be the guide for analyzing these claims." Id. Hence, "under the Graham rule, a substantive due process claim will be preempted if the asserted substantive right can be vindicated under a different-and more precise-constitutional rubric." Action Apartment Ass'n v. Santa Monica Rent Control Op. Bd., 509 F.3d 1020, 1025 (9th Cir. 2007). Graham makes plain that Officer Lazano's alleged conduct cannot give rise to a Fourteenth Amendment substantive due process claim. The court therefore grants the City's motion to dismiss the portion of Count II that asserts that the City violated McCormack's substantive due process rights under the Fourteenth Amendment. The court concludes that granting McCormack leave to amend his Fourteenth Amendment substantive due process claim would be futile. See Flowers v. First Hawaiian Bank, 295 F.3d 966, 976 (9th Cir. 2002) ("A district court . . . does not abuse its discretion in denying leave to amend where amendment would be futile.").

The City also challenges the equal protection component of Count II. To state a claim under 42 U.S.C. § 1983 for a

violation of the Equal Protection Clause of the Fourteenth Amendment, a plaintiff must show that a defendant acted with an intent or purpose to discriminate against the plaintiff based on membership in a protected class. The Comm. Concerning Cmty. Improvement v. City of Modesto, 583 F.3d 690, 702-03 (9th Cir. 2009). McCormack's Complaint contains no assertions regarding the motivation of any Defendant. See Def. Mot. Partial Dismissal 9. The Complaint alleges that Officer Lazano, without a thorough investigation, seized McCormack and caused him pain and injury. Compl. ¶ 23. The Complaint further alleges that the Americans with Disabilities Act guarantees McCormack freedom from unreasonable searches and seizure. Compl. ¶ 24. Nevertheless, McCormack fails to allege that any Defendant had a discriminatory intent or purpose. See Lee v. City of L.A., 250 F.3d 668-87 (9th Cir. 2001). Although McCormack alleges he is disabled, he fails to make any assertions connecting his disability to any motivation on the part of the officers involved. Accordingly, McCormack's equal protection claim against the City is dismissed, although McCormack may more properly plead this claim, if he can, in an amended Complaint.

Count II additionally refers to a § 1983 claim based on a Fifth Amendment violation. Even assuming McCormack is relying on the Fourteenth Amendment's incorporation of the Fifth Amendment as applicable to state actors, he identifies no action

relevant to any Fifth Amendment issue. Accordingly, McCormack's Fifth Amendment violation is dismissed.

> C. Count III (Negligent Abuse of Authority; Failure to Supervise Under 42 U.S.C. § 1983)

In Count III, McCormack alleges "negligent abuse of authority" and "failure to supervise" in violation of the First, Fourth, and Fourteenth Amendments. McCormack alleges that the City negligently failed to hire, supervise, train, or control Officers Lazano and Pacheco in the performance of their duties during McCormack's arrest. Compl. ¶ 25. McCormack alleges that "the City's training and supervision of police officers does not adequately reflect, protect and articulate the citizens' [sic] 4th Amendment rights to be free from unreasonable searches and seizures." Compl. ¶ 33. Count III does not allege a valid claim under § 1983.

To the extent McCormack alleges that the City failed to properly supervise or train, he does not state a <u>Monell</u> claim. "[T]he inadequacy of police training may serve as the basis for § 1983 liability only where the failure to train amounts to deliberate indifference to the rights of persons with whom the [officials] come in contact." <u>City of Canton, Ohio v. Harris</u>, 489 U.S. 378, 388-89, 109 S. Ct. 1197, 103 L. Ed. 2d. 412 (1989). In other words, only when a city's "failure to train its employees in a relevant respect evidences a 'deliberate indifference' to the rights of its inhabitants can such a

10

shortcoming be properly thought of as a city 'policy or custom' that is actionable under § 1983." Id. at 387. This standard is met when "the need for more or different training is so obvious, and the inadequacy so likely to result in the violation of constitutional rights, that the policymakers of the city can reasonably be said to have been deliberately indifferent to the need." Clouthier v. Cnty. of Contra Costa, 591 F.3d 1232, 1249 (9th Cir. 2010) (citations omitted). As McCormack's allegations against the City in Count III do not satisfy this requirement, this portion of Count III is dismissed.

To the extent McCormack alleges that the City was negligent, the City's motion is granted. Negligence is not a basis for § 1983 liability. See Strong v. Woodford, 428 F. Supp. 2d 1082, 1085 (9th Cir. 2006) ("[A] negligent act by a person acting under color of state law does not rise to the level of a constitutional violation."). Even if McCormack meant Count III to assert negligence claims under both § 1983 and state law, the court dismisses the negligence claims against the City in Count III entirely given the confusing manner in which the allegations are made.

Count III additionally refers to a § 1983 claim based on a First Amendment violation, but identifies no actual activity protected by the First Amendment. Accordingly, Count III's First Amendment claim against the City is dismissed.

D.  Count IV (Deliberate Indifference under 42 U.S.C. § 1983)

Count IV alleges that the City's failure to hire, supervise, train, or control subordinate police officers in the performance of their duties constituted deliberate indifference in violation of the First, Fourth, and Fourteenth Amendments. Compl. ¶ 27. The Complaint contains no allegations supporting deliberate indifference by the City in violation of the First or Fourth Amendments. Thus, Count IV is dismissed to the extent it is premised on First and Fourth Amendment violations by the City. However, to the extent Count IV asserts deliberate indifference by the City in supervision, training, and control, in violation of the Fourteenth Amendment, McCormack appears to be attempting to meet the City of Canton requirement discussed by this court with respect to Count III. The portion of Count IV premised on the Fourteenth Amendment may proceed.

E.  Count V (False Arrest)

The City does not move to dismiss Count V. Accordingly, this claim against the City remains for further adjudication.

F.  Count VI (Wanton and Reckless Conduct)

In Count VI, McCormack alleges that Officers Lazano and Pacheco acted with "wanton and reckless disregard to his right to be free from false arrest and assault under **color of law**." Compl. ¶ 30 (emphasis added). McCormack confuses state and

federal law concepts in this claim. "Color of law" is a term of art associated with § 1983, and not applicable to state law claims. In addition, Count VI complains of a policy of unreasonable searches and seizures, "[w]hich policy has been exercised against numerous male citizens." Compl. ¶ 33. Count VI appears to be a conglomeration of various legal concepts. The concepts are so confusingly strung together that it is difficult to determine the crux of the claim. The court grants the City's motion to dismiss Count VI, but gives McCormack to leave to amend his Complaint to state a proper wanton and reckless conduct claim.

    G.    <u>Count VII (Assault and Battery)</u>

In Count VII, McCormack accuses the City of "rubber stamping" Officer Lazano's actions of "grabb[ing] him by the chest over his heart with force, while trying to yank Plaintiff out of the seat and twist him around and put handcuffs on Mr. McCormack at the same time." Compl. ¶¶ 12, 35.

To the extent Count VII is an assault and battery claim, there are insufficient allegations against the City.

To the extent McCormack is actually seeking to state a § 1983 claim against the City based on an alleged custom or policy, that is unclear from the allegations and/or duplicative of claims labeled as § 1983 claims. Count VII is dismissed as against the City.

13

H.  Claim VIII (Respondeat Superior)

In Count VIII, McCormack alleges that the City is responsible and legally liable for the tortious actions of its employees conducted in the scope of their employment. Compl. ¶ 38. McCormack alleges that the City "rubber stamp[ed]" Officer's Lazano "assaultive" conduct. Compl. ¶ 35. The court rules that McCormack has adequately asserted a respondeat superior claim against the City.

Under Hawaii law, a municipality can have respondeat superior liability for torts maliciously committed by an employee acting within the scope of his authority. Wong-Leong v. Hawaiian Indep. Refinery, Inc., 76 Haw. 433, 439, 879 P.2d 538, 543 (Haw. 1994); Lane v. Yamamoto, 2 Haw. App. 176, 178, 628 P.2d 634, 636 (Haw. Ct. App. 1981).

McCormack appears to base his respondeat superior claim on Officer Lazano's allegedly malicious assault and battery. A person commits the common law tort of assault if he or she acts with intent to cause another a nonconsensual harmful or offensive contact or apprehension thereof, and the other person apprehends imminent contact. See Mukaida v. Hawaii, 159 F. Supp. 2d 1211, 1223 (D. Haw. 2001) (citations omitted). A person commits the common law tort of battery if he or she acts with intent to cause a nonconsensual harmful or offensive contact, or apprehension thereof, and the contact occurs. Id.; Williams v. Aona, 121 Haw.

14

1, 13, 210 P.3d 501, 513 (2009).  Hawaii courts define "malice" as "the intent, without justification or excuse, to commit a wrongful act[,]" "reckless disregard of the law or of a person's legal right[,]" and "ill will; wickedness of heart."  See Awakuni v. Awana, 115 Haw. 126, 141 (2007).

McCormack alleges that Officer Lazano "grabb[ed] him by the chest over his heart with force, while trying to yank Plaintiff out of the seat and twist him around."  Compl. ¶ 12.  McCormack also alleges that Officer Lazano "assaulted Plaintiff without cause, illegally arrested Plaintiff without probable cause and used excessive force in doing so intentionally and injuring Plaintiff in the process."  Compl. ¶ 39 (listed erroneously as ¶ 93).  Furthermore, McCormack alleges that Officer Lazano was acting "within the course of scope of his employment."  Compl. ¶ 7.

To the extent McCormack sufficiently alleges that Officer Lazano committed a tortious and malicious act within the scope of his employment, those allegations support McCormack's respondeat superior claim against the City.

I.    Count IX (Punitive Damages)

The City does not move to dismiss Count IX.  Accordingly, this claim remains for further adjudication.  The court reminds McCormack that, if he files an amended Complaint, a claim for punitive damages is not an independent tort, but rather

15

incidental to a separate cause of action. See Ross v. Stouffer Hotel Co., 76 Haw. 454, 466, 879 P.2d 1037, 1049 (1994).

V.      CONCLUSION.

This court partially grants and partially denies Defendant's motion for partial dismissal. This court dismisses most of the claims against the City brought under § 1983, i.e., Count I (Fourth Amendment), Count II (Fourteenth Amendment), Count III (Negligence), and part of Count IV (First and Fourth Amendments). The motion is denied with respect to the portion of the § 1983 claims in Count IV that alleges deliberate indifference by the City in violation of the Fourteenth Amendment.

The court also dismisses the state law claims against the City in Count VI (wanton and reckless conduct) and Count VII (assault and battery). The state law claims in Count V (false arrest), Count VIII (respondeat superior), and Count IX (punitive damages) against the City remain for further adjudication.

McCormack is granted leave to file an amended Complaint. Unless this Order states that a particular amendment is not allowed or that dismissal of a particular claim is with prejudice, McCormack may replead any claim dismissed herein. However, McCormack may not add additional parties, claims, or theories of liability and amendments not explicitly permitted by this Order unless he files a separate motion to amend and that

motion is granted.  In any amended Complaint, McCormack should carefully match the heading and text.  McCormack should consider amending his Complaint to more clearly articulate the factual and legal bases of his claims.

Any amended Complaint permitted by this Order must be filed by February 15, 2011.  If an amended Complaint is filed, the parties shall contact the Magistrate Judge assigned to this case to adjust the dispositive motions cutoff, the discovery cutoff, and other dates in this case, including the trial date.

This order does not address the claims against individual City employees.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, January 25, 2011



   /s/ Susan Oki Mollway
Susan Oki Mollway
Chief United States District Judge

McCormack v. City & County of Honolulu, Civ. No. 10-00293 SOM/KSC; ORDER PARTIALLY GRANTING AND PARTIALLY DENYING DEFENDANT CITY AND COUNTY'S MOTION TO DISMISS.