IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| MICHAEL S. McCORMACK, | ) | CIVIL NO. 10-00293 SOM/KSC |
| | ) | |
| Plaintiff, | ) | ORDER (1) GRANTING DEFENDANTS |
| | ) | CYREL LOZANO AND PRESTON |
| vs. | ) | PACHECO'S MOTION TO DISMISS |
| | ) | AND (2) AFFIRMING MAGISTRATE |
| CITY AND COUNTY OF HONOLULU, | ) | JUDGE CHANG'S ORDER DENYING |
| ANDY LAZANO, | ) | MCCORMACK AN ENLARGEMENT OF |
| MR. PACHECO, | ) | TIME TO FILE A MOTION TO |
| JOHN DOES 1-10, | ) | AMEND COMPLAINT |
| | ) | |
| Defendants. | ) | |
| | ) | |
| _____ | ) | |

ORDER (1) GRANTING DEFENDANTS CYREL LOZANO AND
PRESTON PACHECO'S MOTION TO DISMISS AND (2) AFFIRMING
MAGISTRATE JUDGE CHANG'S ORDER DENYING MCCORMACK
AN ENLARGEMENT OF TIME TO FILE A MOTION TO AMEND COMPLAINT

I.       INTRODUCTION.

On May 18, 2010, Plaintiff Michael S. McCormack filed

this action against the City and County of Honolulu ("City") and

two Honolulu Police Department police officers.  McCormack

alleges that the two police officers used excessive force against

him in violation of his constitutional rights and state law.

McCormack's Complaint names the officers as "Andy Lazano" and

"Mr. Pacheco," but the officers McCormack intended to sue are

Cyrel Lozano ("Lozano") and Preston Pacheco ("Pacheco").

McCormack has still not served either Lozano or Pacheco.  Lozano

and Pacheco now move to dismiss the Complaint for insufficient

service of process, and for failure to prosecute and comply with

the Federal Rules of Civil Procedure.  The court grants the

motion and dismisses the Complaint against Lozano and Pacheco

without prejudice.   The court also here affirms Magistrate Judge

Kevin Chang's order denying McCormack's request for additional

time to file a motion to amend the Complaint.

II.       BACKGROUND.

          A.    Factual Background.

          According to the Complaint, on May 18, 2008, McCormack

boarded a public bus in Kapolei.   See Compl. ¶ 9, ECF No. 1.

McCormack is epileptic; he wears a cast on his lower leg and

ankle and uses a cane for support.   See id. ¶ 11.   On the day of

the incident, McCormack showed his disability pass to the bus

driver and boarded the bus.   See id. ¶ 9.   McCormack alleges

that, while sitting inside the bus, he noticed a woman outside

talking to police officers and gesturing toward the bus.   See id.

¶ 10.   The police were allegedly investigating a purse-snatching.

See Def. Mot. Partial Dismissal ¶ 14, ECF No. 11.   While the

Complaint is unclear, it appears McCormack is alleging that the

woman described the culprit as having worn a black leather

jacket.   See Compl. ¶ 12.   Three police officers, including

Lozano and Pacheco, allegedly boarded the bus and approached

McCormack.   McCormack says he was one of at least three men on

the bus wearing a black leather jacket.   See id. ¶¶ 4, 12.

Lozano allegedly grabbed McCormack and told him he was under

arrest.   See id. ¶ 12.   McCormack alleges that Lozano "yank[ed]

Plaintiff out of the seat and twist[ed] him around and put handcuffs on [him]." See id.  McCormack allegedly suffered a seizure as a result of the officers' physical abuse and threat of arrest.  See id. ¶ 13.

McCormack alleges that the police officers who approached him failed to question him first.  See id. ¶ 14.  They also allegedly failed to inform him what he was suspected of having done and used excessive force against him.  See id. McCormack claims that Lozano and Pacheco lacked probable cause to arrest him but used their status as police officers to threaten, assault, and intimidate him.  See id. ¶¶ 15, 16.  After McCormack went into an epileptic seizure, Lozano and Pacheco allegedly realized that they had falsely accused McCormack and did not arrest him.  See id. ¶ 17.  McCormack claims that his health was jeopardized by the officers' rough treatment and false accusation of theft.  See id.

B.   Procedural Background.

McCormack filed the Complaint incorrectly naming Andy Lazano and incompletely naming Mr. Pacheco on May, 18, 2010.  ECF No. 1.  McCormack did not serve Lozano and Pacheco within 120 days as required by Rule 4(m) of the Federal Rules of Civil Procedure.  The lack of service was discussed, even before the 120 days had passed, at a scheduling conference before Magistrate Judge Chang on August 23, 2010.  ECF No. 9.  On September 22,

2010, McCormack moved for an additional sixty days to serve Lozano and Pacheco.  Pl. McCormack's Ex Parte Mot. for an Enlargement of Time to Serve Defs. Andy Lazano and Officer Pacheco, ECF No. 13.  McCormack requested the additional time to conduct discovery and obtain photographs of Lozano and Pacheco. Id. at 1.  Magistrate Judge Chang granted the motion, finding good cause for the failure to timely serve them.  ECF. No. 16. McCormack did not serve Lozano and Pacheco within the allotted sixty days.

A Rule 16 scheduling conference was held on September 27, 2010.  ECF No. 18.  Magistrate Judge Chang issued the Scheduling Order the same day, setting forth various deadlines, including a deadline of April 15, 2011, for motions to amend the pleadings, and a deadline of June 15, 2011, for dispositive motions.  Rule 16 Scheduling Order ("Scheduling Order"), Sept. 27, 2010, ECF No. 18.

On January 25, 2011, this court partially dismissed the Complaint against the City.  See Order Partially Granting and Partially Denying Def. City and County's Mot. to Dismiss, Jan. 25, 2011, ECF No. 31 ("Dismissal Order").  In that order, the court gave McCormack until February 15, 2011, to file an amended complaint.  Id. at 16.  McCormack did not file an amended complaint by that date.

Two months later, on April 14, 2011, McCormack moved to amend the Complaint to "more definitively specif[y] the names of the Defendants and conform[] the pleadings to the Court's prior order."  Mot. to Amend Compl. 1, ECF No. 43.  Magistrate Judge Chang denied the motion.  Order Denying Pls. Mot. to Amend Compl., May 20, 2011, ECF No. 53.  Although Magistrate Judge Chang recognized that courts are to give leave freely when justice requires, he determined that the proposed amended complaint failed to comply with this court's Dismissal Order because most of the allegations were "identical" to those identified as deficient in the original Complaint.  Id. at 2, 5. However, Magistrate Judge Chang gave McCormack "one more opportunity to file a motion to amend" the Complaint.  Id. at 9. McCormack was instructed to file a motion to amend by June 3, 2011, and told that any motion to amend filed after that date would be subject to the "good cause" requirement under Rule 16(b) of the Federal Rules of Civil Procedure.[1]  Id. at 9.  McCormack did not file a motion to amend by the new deadline.

The City moved for summary judgment, and the court granted partial summary judgment on July 26, 2011.  Order Granting in Part, Denying in Part Defendant City and County's Mot. for Summary Judgment, July 26, 2011, ECF No. 83.

_____

[1]  Rule 16(b)(4) states: " A [Rule 16] schedule may be modified only for good cause and with the judge's consent."

On August 24, 2011, Lozano and Pacheco brought the
present motion to dismiss.[2]  On September 2, 2011, McCormack
again moved to amend the Complaint to correctly name the
Defendants and to comply with this court's Dismissal Order.  Mot.
for Second Amended Compl. to Amend Named Defs., ECF No. 94.  On
September 8, 2011, McCormack moved for an extension of the
deadline for motions to amend the pleadings, as set by the Rule
16 Scheduling Order, to allow the court to consider that motion.
Mot. to Allow an Enlargement of Time for Complainant to File a
Mot. to Amend Compl., ECF No. 99.  Magistrate Judge Chang denied
the motion on November 23, 2011, finding no good cause to amend
the Rule 16 Scheduling Order because the court could not say that
McCormack had "exercised due diligence in ascertaining the
correct names of the police officers involved in the incident"
and as McCormack had not "taken appropriate steps in complying
with Court orders in this case regarding naming and serving the
individual defendants."  Order Denying Pl.'s Mot. to Allow an
Enlargement of Time for [Pl.] to File a Mot. to Amend Compl.
Filed on September 8, 2011, at 2, ECF No. 145.  On December 4,
2011, McCormack appealed from Magistrate Judge Chang's order.
ECF No. 148.

---

[2]  As the motion was filed after the deadline to file
dispositive motions had passed, Lozano and Pacheco had to obtain
an extension of that deadline, which was granted after the motion
to dismiss had been filed.  ECF Nos. 87, 95.

In the present motion, Lozano and Pacheco seek
dismissal of the Complaint given the lack of service of the
Complaint.  The court grants the motion.

III.      RULE 12(b)(5) STANDARD.

Rule 12(b)(5) of Federal Rules of Civil Procedure
allows for dismissal based on insufficient service of process.
Federal courts cannot exercise personal jurisdiction over a
defendant without proper service of process.  Omni Capital Int'l,
Ltd. v. Wolff & Co., 484 U.S. 97, 104 (1987).  "'[S]ervice of
process is the mechanism by which the court [actually] acquires"
the power to enforce a judgment against the defendant's person or
property."  Sec. Exch. Comm'n v. Ross, 504 F.3d 1130, 1138 (9th
Cir. 2007) (quoting United States v. 2,164 Watches, More or Less
Bearing a Registered Trademark of Guess?, Inc., 366 F.3d 767, 771
(9th Cir. 2004) (modification in original)).

To determine whether service of process was proper, a
court looks to the requirements of Rule 4 of the Federal Rules of
Civil Procedure.   5B Charles A. Wright & Arthur R. Miller,
Federal Practice & Procedure § 1353 (Civ. 3d ed. current through
2009); Gidding v. Anderson, No. C-07-04755 JSW, 2008 WL 4065814,
at *1 (N.D. Cal. Aug. 27, 2008).  While Rule 4 is a flexible rule
that should be liberally construed to uphold service so long as a
party receives sufficient notice of the complaint, United Food &
Commercial Workers Union, Local 197 v. Alpha Beta Co., 736 F.2d

1371, 1382 (9th Cir. 1984), "neither actual notice nor simply

naming the defendant in the complaint will provide personal

jurisdiction" absent substantial compliance with its

requirements.  Benny v. Pipes, 799 F.2d 489, 492 (9th Cir. 1986).

The burden is on the party claiming proper service to

establish valid service.  Cranford v. United States, 359 F. Supp.

2d 981, 984 (E.D. Cal. 2005) (internal citations omitted);

Federal Practice & Procedure § 1353 ("The great weight of the

case law is to the effect that the party on whose behalf service

has been made has the burden of establishing its validity.").  A

court may weigh the evidence and resolve disputed issues of fact

in accordance with Rule 12(d).  Taniguchi v. Native Hawaiian

Office(s) of the Attorney General, Civil No. 09-00117 SOM-KSC,

2009 WL 1404731, at *2 (D. Haw. May 15, 2009) (citing Federal

Practice & Procedure § 1353).

IV.      ANALYSIS.

It is undisputed that McCormack failed to serve Lozano

and Pacheco, as required by Rule 4.  Lozano and Pacheco thus

argue that dismissal of the Complaint as to them is proper under

Rule 4(m):

> If a defendant is not served within 120 days
> after the complaint is filed, the court--on
> motion or on its own after notice to the
> plaintiff--must dismiss the action without
> prejudice against that defendant or order
> that service be made within a specified time.
> But if the plaintiff shows good cause for the
> failure, the court must extend the time for

> service for an appropriate period. This
> subdivision (m) does not apply to service in
> a foreign country under Rule 4(f) or 4(j)(1).

Fed. R. Civ. P. 4(m).

"Rule 4(m) requires a two-step analysis in deciding whether or not to extend the prescribed time period for the service of a complaint."  In re Sheehan, 253 F.3d 507, 512 (9th Cir. 2001) (citations omitted).  "First, upon a showing of good cause for the defective service, the court must extend the time period.  Second, if there is no good cause, the court has the discretion to dismiss without prejudice or to extend the time period."  Id.  The plaintiff bears the burden of showing good cause.  Gill v. Waikiki Lanai, Inc., Civil No. 10-00557 LEK-RLP, 2011 WL 3648772, at *7, (D. Haw. Aug. 18, 2011) (citing Rule 4(m)).

> A.   McCormack Does Not Show Good Cause for His Failure to Serve Lozano and Pacheco.

Lozano and Pacheco argue that McCormack does not establish good cause for his failure to serve them, and that the court should exercise its discretion to dismiss the Complaint against them.  "Good cause" has been defined by the Ninth Circuit as, "at a minimum," "excusable neglect."  In re Sheehan, 253 F.3d at 512 (quoting Boudette v. Barnette, 923 F.2d 754, 756 (9th Cir. 1991)).  In the context of Bankruptcy Rule 9006(b), which allows a court to extend the time for service upon a showing of "excusable neglect," the Supreme Court has held that

9

"inadvertence, ignorance of the rules, or mistakes construing the
rules do not usually constitute 'excusable' neglect."  Pioneer
Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship., 507 U.S. 380,
392 (1993).  In addition to showing good cause, a plaintiff may
be required to show the following factors: "(a) the party to be
served personally received actual notice of the lawsuit; (b) the
defendant would suffer no prejudice; and (c) plaintiff would be
severely prejudiced if his complaint were dismissed."  Boudette
v. Barnette, 923 F.2d 754, 756 (9th Cir. 1991) (citing Hart v.
United States, 817 F.2d 78, 80-81 (9th Cir. 1987)) (as cited
in In re Sheehan, 253 F.3d at 512).

In Boudette, the plaintiff, proceeding in forma
pauperis, did not show good cause for his failure to timely serve
the defendants when his "sole excuse" was that he did not receive
notice that the complaint had been filed because of an error by
either the court clerk or the postal service.  923 F.2d at 757.
The plaintiff claimed that he would have timely served the
defendants if he had received notice of the filing date, which
the district court clerk assured him would arrive by mail.  Id.
at 756.  Because he relied on the United States to send him
notice, which did not arrive allegedly because of an error by the
court clerk or the postal service, the plaintiff argued that his
neglect was excusable.  Id.  The Ninth Circuit disagreed, finding
that his reliance on the United States was unreasonable in light

of an earlier order in which the district court informed the

plaintiff that he could have the United States marshal serve the

complaint rather than make his own arrangements and informed the

plaintiff of the 120-day service requirement under Rule 4.   Id.

McCormack similarly fails to show good cause for

failing to serve Lozano and Pacheco, as his neglect was not

excusable.  After filing the Complaint on May 18, 2010, McCormack

had until November 15, 2010, to serve Lozano and Pacheco.  Lozano

and Pacheco allege that the City provided McCormack with their

names in October.  Although he does not provide a date, McCormack

acknowledges that he learned Lozano and Pacheco's names after

reviewing information received from the City during discovery.

McCormack argues that he was unable to identify Lozano

and Pacheco until he received their photographs from the City on

March 28, 2011.  However, he does not establish why he could not

at least serve them upon learning their names in October 2011,

particularly because he knew their place of employment.  Even if

McCormack did need the photographs to effect service, he did not

request additional time for service and offers no explanation for

his failure to do so.

Moreover, McCormack did not serve Lozano and Pacheco

even after receiving the photographs on March 28, 2011.

McCormack argues that he was not able to serve Lozano and Pacheco

because he was prohibited from amending the Complaint to

correctly name them.  This argument is unpersuasive.  At the hearing on this motion, McCormack's counsel adamantly maintained that, even after learning Lozano and Pacheco's names and receiving their photographs, he could not serve them until he amended the Complaint.  He asserted that his process server could not serve Lozano and Pacheco unless the Complaint stated their exact names because police personnel would not call officers to the reception area unless a document bore their exact names.  The court questioned counsel closely with respect to this assertion. Noting that numerous complaints in this court have been served on defendants despite errors in the defendants' names, the court asked why a process server could not simply orally provide the correct names to the reception personnel.  Notably, McCormack had not raised this circumstance in his written opposition to the present motion.  Because counsel's statement did not comport with this court's experience, the court instructed McCormack to file within one week (by December 27, 2011) a declaration from counsel's process server detailing the impossibility of serving the Complaint even when the process server could at least orally provide the correct names of the officers.  McCormack did not file the declaration.  Absent the requested declaration, the court does not assume that it was impossible for McCormack to serve Lozano and Pacheco without a complaint containing their

12

exact names.[3]

Even assuming that McCormack was somehow precluded from serving Lozano and Pacheco until he amended the Complaint, McCormack still does not establish good cause.  McCormack has been given numerous opportunities to amend the Complaint to properly name Lozano and Pacheco.  That he did not do so is inexplicable, particularly when he received the color photos of the officers on March 28, 2011, and Magistrate Judge Chang had given him until June 3, 2011, to amend the complaint.  The court thus finds that McCormack has not shown good cause for his failure to serve Lozano and Pacheco.[4]

B.   Dismissal is Warranted.

As there is no good cause for McCormack's failure to serve, the court exercises its discretion under Rule 4(m) and dismisses the Complaint as to Lozano and Pacheco without prejudice.  The court is not persuaded by McCormack's explanation that he needed to amend the Complaint to correctly name the

---

[3]  The amended pleading McCormack wants to file misspells Cyrel Lozano's name as Cyril Lazano.

[4]  McCormack argues that he would be "extremely" prejudiced if the court dismisses the Complaint, that any prejudice to Defendants could be cured by continuing the trial, and that Lozano and Pacheco have actual knowledge of the Complaint.  Under Boudette, these arguments are irrelevant absent the threshold showing of excusable neglect.  See 923 F.2d at 755 n. 1 (noting that the plaintiff's argument that the defendants had actual knowledge of the lawsuit was only relevant if he could show excusable neglect).

officers before serving them.  McCormack's repeated disregard of the numerous opportunities he was afforded to cure the Complaint's deficiencies undermines his explanation that the amendment was essential.

V.          MCCORMACK'S APPEAL OF MAGISTRATE JUDGE CHANG'S ORDER.

McCormack appeals from Magistrate Judge Chang's Order Denying Plaintiff's Motion To Allow An Enlargement of Time To File Motion To Amend Complaint, ECF No. 148.  McCormack's appeal papers say he sought leave to file an amended complaint "to amend named defendants."  Those individuals are dismissed in the present order.  While their names may still be relevant to remaining claims against the City, any errors in their names in that context are immaterial.  Magistrate Judge Chang's order was well reasoned and entirely justified by the procedural history of this case.  Moreover, the court ordered McCormack to submit, by December 27, 2011, "a statement as to what, if any, reason there would be for the court to address his pending appeal . . ., assuming the court granted the motion to dismiss."  ECF No. 154. The court informed McCormack that it intended to include in this order a statement concerning the pending appeal, and that, if the motion to dismiss was granted, such a statement might be that the appeal was rendered moot or was denied in light of the dismissal. McCormack did not submit the requested statement.  The court now affirms Magistrate Judge Chang.

As an additional ground for affirming the Magistrate
Judge, this court relies on McCormack's failure to comply with
Local Rule 74.1, which requires an appealing party to file "a
written statement of appeal that shall specifically designate the
portions of the order appealed from . . . and the basis for such
appeal."  McCormack does not specifically designate any portion
of Magistrate Judge Chang's order.

VI.      CONCLUSION.

The Complaint is DISMISSED without prejudice as to
Cyrel Lozano and Preston Pacheco.  Magistrate Judge Chang's order
denying McCormack's motion to enlarge the time to file a motion
for a second amended complaint is AFFIRMED.


IT IS SO ORDERED.

DATED: Honolulu, Hawaii, December 30, 2011




                              /s/ Susan Oki Mollway
                             Susan Oki Mollway
                             Chief United States District Judge


McCormack v. City & County of Honolulu, Civ. No. 10-00293 SOM/KSC; ORDER (1)
GRANTING DEFENDANTS CYREL LOZANO AND PRESTON PACHECO'S MOTION TO DISMISS AND
(2) AFFIRMING MAGISTRATE JUDGE CHANG'S ORDER DENYING MCCORMACK AN ENLARGEMENT
OF TIME TO FILE A MOTION TO AMEND COMPLAINT.