IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| MICHAEL S. MCCORMACK, | ) | Civ. No. 10-00293 BMK |
| | ) | |
| Plaintiff, | ) | |
| | ) | ORDER GRANTING |
| vs. | ) | DEFENDANT'S MOTION TO |
| | ) | DISMISS |
| CITY AND COUNTY OF | ) | |
| HONOLULU, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

Before the Court is Defendant City and County of Honolulu's ("the City") Motion to Dismiss (Doc. 205). After careful consideration of the Motion and the supporting and opposing memoranda, the Court GRANTS the City's Motion and dismisses this case.[1]

As discussed in detail below, Plaintiff Michael S. McCormack filed this action against the City and Officers Cyrel Lozano and Preston Pacheco. Prior Orders of the Court dismissed all claims in this case, except for the sole claim of respondeat superior against the City. However, a claim for respondeat superior is not a stand-alone claim and must be dismissed when the underlying tort claims against the employees are dismissed. Because all of the underlying claims against

---

[1] The Court elects to decide this Motion without a hearing, pursuant to Local Rule 7.2(d).

Officers Lozano and Pacheco have been dismissed, the claim for respondeat superior against the City must be dismissed as well.

## BACKGROUND

Plaintiff suffers from epilepsy, wears a cast, and uses a cane for support.  (Doc. 31 at 2.)  On May 18, 2008, Plaintiff boarded a City bus in Kapolei. (Id.)  While sitting on the bus, he noticed a woman outside the bus talking to police officers and gesturing toward the bus.  (Id.)  The police were allegedly investigating a purse-snatching.  (Id.)  The woman identified the culprit as wearing a black leather jacket.  (Id.)  Plaintiff was one of at least three men on the bus wearing black leather jackets.  (Id.)

Three police officers, including Officers Cyrel Lozano and Preston Pacheco, boarded the bus and approached Plaintiff.  (Id.)  According to the Complaint, Officer Lozano grabbed Plaintiff "by the chest over his heart with force" and told him he was under arrest.  (Id.; Complaint ¶ 12.)  Officer Lozano allegedly "yank[ed] Plaintiff out of the seat and twist[ed] him around and put handcuffs on" him.  (Complaint ¶ 12.)  Because of the alleged physical abuse from Officer Lozano, "Plaintiff went into a seizure due to the stress he was placed under due to the officers' physical abuse and wrongful threat of arrest for an offense he did not commit."  (Id. ¶ 13.)  After Plaintiff went into an epileptic seizure, Officers

2

Lozano and Pacheco allegedly realized they had falsely accused Plaintiff and did not arrest him.  (Id. ¶ 17.)  By that time, however, "Plaintiff's health was placed in jeopardy by the Defendants' excessively rough treatment of him and false accusation of theft."  (Id.)

On May 18, 2010, Plaintiff filed this action against the City and Officers Lozano and Pacheco.  Plaintiff asserted claims under 42 U.S.C. § 1983 for multiple constitutional violations:  the Fourth Amendment (Count 1), the Fourth and Fourteenth Amendments (Count 2), the First, Fourth, and Fourteenth Amendments in connection with "negligent abuse of authority" and "failure to supervise" (Count 3), and the First, Fourth, and Fourteenth Amendments for deliberate indifference (Count 4).  (Doc. 31 at 3.)  Plaintiff also asserted state law claims of false arrest (Count 5), wanton and reckless conduct (Count 6), assault and battery (Count 7), and respondeat superior (Count 8).  In addition, Plaintiff sought punitive damages against all Defendants (Count 9).  (Id.)

On September 16, 2010, the City filed a Motion for Partial Dismissal. (Doc. 11.)  After a hearing on the Motion, District Judge Susan Oki Mollway dismissed all claims against the City, except for Count 5 (false arrest), Count 8 (respondeat superior), Count 9 (punitive damages), and a portion of Count 4

(violation of the Fourteenth Amendment under § 1983).  (Doc. 31, Order Partially Granting the City's Motion to Dismiss.)

On June 15, 2011, the City filed a Motion for Summary Judgment on the remaining claims against it.  (Doc. 68.)  After a hearing on this Motion, Judge Mollway issued an order granting "[s]ummary judgment . . . in the City's favor on all claims except the respondeat superior claim."  (Doc. 83 at 18, Order Partially Granting the City's Motion for Summary Judgment.)  Thus, the only claim remaining against the City was the respondeat superior claim.

On August 24, 2011, Officers Lozano and Pacheco filed a Motion to Dismiss all claims against them for failure to properly serve them.  (Doc. 85.) After a hearing on this Motion, Judge Mollway found no good cause for Plaintiff's failure to serve them and dismissed all claims against Officers Lozano and Pacheco.  (Doc. 155 at 13, 15, Order Granting the Individual Defendants' Motion to Dismiss.)

In light of the foregoing Orders, the sole remaining claim before this Court is Plaintiff's claim for respondeat superior against the City.  The City now moves for dismissal of that claim.

<u>DISCUSSION</u>

The sole remaining claim before this Court is Count 8 for respondeat superior against the City.  All other claims against the City were dismissed in the Order Partially Granting the City's Motion to Dismiss (Doc. 31) and the Order Partially Granting the City's Motion for Summary Judgment (Doc. 83).  Moreover, all claims against the individual defendants, Officers Lozano and Pacheco, were dismissed in the Order Granting the Individual Defendants' Motion to Dismiss (Doc. 155).

"Under the theory of respondeat superior, an employer may be liable for the negligent acts of its employees that occur within the scope of their employment."  <u>Freeland v. County of Maui</u>, Civ. No. 11-00617 ACK-KSC, 2013 WL 6528831, at *25 (D. Haw. Dec. 11, 2013).  However, "[r]espondeat superior is not itself a cause of action or a cognizable legal claim."  <u>Prunte v. Universal Music Group</u>, 484 F. Supp. 2d 32, 43 (D.D.C. 2007).  Indeed, "respondeat superior is not cognizable as a stand-alone claim; rather, it is a method by which to prove another claim."  <u>Ellis v. Isoray Med. Inc.</u>, Civ. No. 08-2101 CM, 2008 WL 3915097, at *3 (D. Kan. Aug. 22, 2008); <u>Baker v. Baxa Corp.</u>, Civ. No. 09-02034 MSK-KLM,

2011 WL 650002, at *1 (D. Colo. Feb. 11, 2011) (respondeat superior is "not a stand alone 'claim' for relief that can be asserted").  "The doctrine of respondeat superior does not establish a right of action separate from an underlying tort." Charlton v. Ardent Health Servs., LLC, Civ. No. 06-CV-0190 CVE-FHM, 2006 WL 1836048, at *4 (N.D. Okla. June 30, 2006); Wright v. N. Am. Terrazo, Civ. No. C12-2065 JLR, 2013 WL 441517, at *2 (W.D. Wash. 2013) ("respondeat superior is a means to impose vicarious liability on an employer for the acts of an employee, not a stand-alone cause of action").

Courts dismiss stand-alone claims for respondeat superior.  Baker, 2011 WL 650002, at *1 ("to the extent that the respondeat superior allegations purport to be a stand alone 'claim,' such 'claim' is dismissed under Rule 12(b)(6)").  Courts also dismiss claims for respondeat superior when the underlying tort claim against the employee is dismissed.  Westways World Travel, Inc. v. AMR Corp, Civ. No. 99-386 RT (SGLx), 2005 WL 6523481, at *21 n.12 (E.D. Cal. 2005) ("The rule is 'established,' however, that 'where the liability of an employer in tort rests solely on the doctrine of respondeat superior, a judgment on the merits in favor of the employee is a bar to an action against the employer.'"), affirmed on this ground by 265 Fed. Appx. 472, 474 (9th Cir. 2008).

Plaintiff argues that the City's Motion to Dismiss "does not cite to any Hawaii State law or even any Ninth Circuit or U.S. Supreme Court case law" for the proposition that respondeat superior claims cannot stand alone.  However, Plaintiff cites to no case law – and the Court has found none – stating that respondeat superior claims may stand alone and are independent of underlying tort claims against employees.  Indeed, the purpose of a claim for respondeat superior is to place liability on an employer for the actions of its employees.  See Freeland, 2013 WL 6528831, at *25.  Even the Hawaii Supreme Court has noted that an analysis "under the theory of respondeat superior should focus completely on the actions of the employee, without consideration of the acts of the employer." Wong-Leong v. Hawaiian Indep. Refinery, Inc., 76 Haw. 433, 438, 879 P.2d 538, 543 (Haw. 1994).  It follows that a claim for respondeat superior cannot survive without an underlying tort claim against an employee.  Because Plaintiff fails to cite any case law to the contrary and given the purpose of respondeat superior liability, the Court is persuaded by the foregoing cases that a respondeat superior claim cannot stand alone and must be dismissed absent an underlying claim against an employee.

As discussed above, all claims against Officers Lozano and Pacheco were dismissed.  There are no underlying tort claims against them.  The only

remaining claim in this action is the stand-alone claim for respondeat superior

against the City.  Given that respondeat superior is "not a stand alone 'claim' for

relief that can be asserted" and because dismissal of the underlying tort claims "is a

bar to an action against the employer," the Court dismisses the claim for

respondeat superior against the City.  <u>Baker</u>, 2011 WL 650002, at *1; <u>Westways

World Travel, Inc.</u>, 2005 WL 6523481, at *21 n.12.

 The Court rejects Plaintiff's argument that a material issue of fact

precludes dismissal of this case.  Plaintiff asserts:  "The officers' denial of any

physical contact with Plaintiff which they did in their declarations and statements,

clearly creates a material issue of fact for the jury at trial."  (Opp. at 6-7.)  Plaintiff

also presents law regarding his Fourth Amendment claim of excessive force

against the officers.  However, all claims against the individual officers were

dismissed on December 30, 2011 (Doc. 155), and no claims remain against the

individual officers for which an issue of fact could be presented to a jury.

CONCLUSION

 In light of the foregoing, the Court GRANTS the City's Motion to

Dismiss (Doc. 205).  The Court dismisses the claim for respondeat superior against

the City, which is the last remaining claim in this case.  Accordingly, the clerk of

court is DIRECTED to enter Judgment in favor of Defendants and to close this

case.

DATED:  Honolulu, Hawaii, February 20, 2014.

IT IS SO ORDERED.



 /S/ Barry M. Kurren
Barry M. Kurren
United States Magistrate Judge

McCormack v. City and County of Honolulu, Civ. No. 10-00293 BMK; ORDER GRANTING DEFENDANT'S MOTION TO DISMISS.

9